By the Court.
In 1867, M., in writing, agreed to convey to C., in fee_ simple, a parcel of land for a price named. C. paid the price and instructed the scrivener to so draw the deed as to convey the land to C. for life, remainder to certain named children and grandchildren of C. in fee. The scrivener, by mistake, omitted the grant of a life estate to C.; M. executed the deed, and it was placed on record before C. learned of the mistake. C. meanwhile, entered into possession, claimed and exercised all the rights of a tenant for life, and the grantees named in M’s deed acquiesced therein for ten years. After the ten years N., with actual notice of C.’s possession and claim, took quit claim deeds, for valuable considerations, from all of M’s grantees except two; claimed title adverse to C., and began proceedings in *42 partition looking to an eventual ouster of C. C., thereupon sued N. and all the grantees of M. praying to be quieted in his possession; that the defendants should be enjoined from interfering with it; and also that the mistake in the deed should be corrected.
The district court declined to hear evidence for the defense ; found that C was not entitled to any relief, and dismissed the action at his costs.
Held: Neither N., nor any of M.’s grantees should be permitted to disturb C.’s possession as tenant for life. Although, technically, M. was a necessary party to a decree correcting the deed, he had no concern with a judgment forcing his grantees and N. to refrain from disturbing C.
Judgment of the district court reversed and new trial granted.